IT IS ORDERED

Date Entered on Docket: July 3, 2019

_____
The Honorable Robert H Jacobvitz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

KRISTA R. BURGESS

       Debtor.

Case No. 19-10886-j7

**STIPULATED ORDER GRANTING HIGH DESERT COMMUNITY CREDIT UNION RELIF FROM STAY AND DEEMING PROPERTY ABANDONED**

This matter comes before the court upon the stipulation of Creditor High Desert Community Credit Union ("Creditor"), Krista R. Burgess ("Debtor"), and Trustee Edward Mazel.("Trustee"). The court having noted the approval of the Creditor, Debtor, and Trustee, makes the following findings:

    1.    On or about February 9, 2016 Debtor executed a Loan and Security Agreement and Disclosure Statement (the "Agreement") pursuant to which Debtor borrowed $29.886.37 for the purchase of a 2013 Chevrolet Traverse, VIN …0363 (the "Vehicle").

    2.    Debor Creditor has a perfected security interest in in the Vehicle.

    3.    Creditor is in default in the payments under the Agreement.

    4.    Debtor has decided to surrender the Vehicle.

5. The Debtor has scheduled the Vehicle as having a value of $9,000.

6. The amount owed to Creditor as of May 20, 2019 was $13,588.78 and no payments have been made since that time.

7. There is no equity in the Vehicle and it is not needed for reorganization.

IT IS THEREFORE ORDERED

A. Pursuant to 11 U.S.C. §362(d), Creditor and any and all holders of liens against the Vehicle, of any lien priority, are hereby granted relief from the automatic stay:

   a. To enforce their rights in the Vehicle, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Vehicle, or both, in any court of competent jurisdiction; and

   b. To exercise any other right or remedy available to them under law or equity with respect to the Vehicle.

B. The Trustee is deemed to have abandoned the Vehicle from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Vehicle therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Vehicle and need not notify the Trustee of any sale of the Vehicle.

C. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a

2

defendant in litigation to obtain an *in rem* judgment or to repossess the Vehicle in accordance with applicable non-bankruptcy law.

D. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Vehicle. Movant may filed an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Vehicle, should it claim that Debtors owe any amount after the sale of the Vehicle.

E. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

F. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

### END OF ORDER ###

Submitted by:

SMIDT, REIST & KELEHER, P.C.

By: /s/ William R. Keleher  submitted electronically
William R. Keleher
4811 A-4 Hardware Drive, NE
Albuquerque, NM 87109
505-830-2200
wkeleher@srklawnm.com
*Attorneys for High Desert Community Credit Union*


Approved by:

Approved by email June 25, 2019
Robert L Finch
555 E. Main Street
Farmington, NM 87401-2742
505-325-2028
Email: finchlaw@mindspring.com
*Attorney for Debtor*

<u>Approved by email June 13, 2019</u>
Edward Alexander Mazel
Askew & Mazel, LLC
1122 Central Ave. S.W.
Suite 1
Albuquerque, NM 87102
505-433-3097
*Chapter 7 Trustee*